UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| RICARDO TOABANDA LUMBI,<br><br>Petitioner,<br><br>v.<br><br>ANTONE MONIZ, et al.,<br><br>Respondents. | \*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\* | Civil Action No. 26-cv-13548-ADB |

**<u>ORDER</u>**

BURROUGHS, D.J.

Before the Court is Petitioner Ricardo Toabanda Lumbi's petition for writ of habeas corpus.  [ECF No. 1].  "Respondents submit that the legal issues presented in this Petition are similar to those recently addressed by this Court in <u>Morales v. Plymouth County Correctional Facility</u>, . . . and <u>Rocha v. Hyde, et al</u>."  [ECF No. 7 at 1].  In those cases, the Court joined other sessions of this Court, and other courts across the country, in holding that the arrest and detention of noncitizens within the United States is governed by 8 U.S.C. § 1226(a).  <u>Morales</u>, No. 25-cv-12602, ECF No. 15 (D. Mass. Sep. 30, 2025); <u>Rocha</u>, No. 25-cv-12584, ECF No. 9 (D. Mass. Oct. 2, 2025).  Respondents further acknowledge that "[s]hould the Court follow its reasoning in <u>Morales</u> and <u>Rocha</u>, it would reach the same result here."  [ECF No. 7 at 1].  On the facts before it, the Court does not find reason to deviate from its prior analysis.  Petitioner is subject to 8 U.S.C. § 1226's discretionary detention framework and, accordingly, entitled to a bond hearing.  He has not received such a hearing, so his detention is unlawful.

Petitioner's petition, [ECF No. 1], is **<u>GRANTED</u>**.  Respondents are **<u>ORDERED</u>** to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within 10 days of this order.  In

that bond hearing, the immigration judge must expressly state the following findings on the record[1]:

(1) whether the government has "prove[d] by clear and convincing evidence that [Petitioner] poses a danger to the community or . . . by a preponderance of the evidence that [he or] she poses a flight risk"; and

(2) if the government has carried its burden:
   (a) the particular evidence by which the government carried its burden;
   (b) how the immigration judge "considered . . . [and] weighed . . . the information [Petitioner] provided" in relation to the government's evidence;
   (c) the chain of reasoning connecting the evidence to the finding of dangerousness or flight risk; and
   (d) the reasons why less-restrictive alternatives to detention, such as GPS monitoring, would be ineffective to mitigate any risk.

Respondents are **ENJOINED** from denying Petitioner bond on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2). Respondents are **ORDERED** to file a status report within 14 days of this order stating whether Petitioner has been granted bond, and, if his request for bond was denied, the reasons for that denial.

The clerk is directed to enter judgment in favor of Petitioner.

**SO ORDERED.**

August 12, 2026

/s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE

---

[1] Hernandez-Lara v. Lyons, 10 F.4th 19, 41 (1st Cir. 2021); Atariguana-Buele v. Warden, Plymouth Corr. Facility, No. 26-cv-12168, 2026 WL 1825934, at *2 (D. Mass. June 25, 2026) (discussing need for immigration judge to thoroughly engage with the record); see Costa v. McDonald, No. 25-cv-13469, 2026 WL 371198, at *2 (D. Mass. Feb. 10, 2026) (collecting cases).